UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MERRILL TECHNOLOGIES GROUP, INC.,

Plaintiff,

v.

APRIORI TECHNOLOGIES, INC.,

Defendant.

Civil Action No.: 1:20-cv-11558

# COMPLAINT AND JURY DEMAND

This is an action by Merrill Technologies Group, Inc. ("Merrill") against Defendant aPriori Technologies, Inc. ("aPriori")

## PARTIES

1. Plaintiff Merrill is a Michigan corporation headquartered in Saginaw, Michigan, with its principal place of business at 400 Florence Street, Saginaw, Michigan 48602.

2. Defendant aPriori is a Delaware corporation with a principal place of business located at 300 Baker Avenue, Concord, Massachusetts 01742.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this case under 28 U.S.C. §1332(a) in that this action is between citizens of different states, and plaintiff seeks damages in excess of $75,000.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(a) in that substantial acts, conduct, and omissions at issue occurred in this district.

## FACTUAL BACKGROUND

5. Merrill designs and manufactures complex metal components in the defense, aerospace, heavy equipment, automation, energy, and transportation industries.

6. aPriori creates and licenses software products to estimate and manage product costs which are supposed to provide licensees with a fast, accurate, and consistent system for generating detailed cost estimates to manufacture a customer product.

**Prior Dispute**

7. On April 28, 2017, Merrill and aPriori (the "Parties") executed a so-called Ordering Document to aPriori User License Agreement ("Ordering Document") which summarized products and services to be provided by aPriori to Merrill over a five (5) year period.

8. The professional services aPriori was supposed to provide Merrill were further detailed in a Merrill TG Statement of Work, Phase I Configuration ("Phase I SOW") which the Parties contemporaneously executed on April 28, 2017.

9. Pursuant to the Ordering Document, the total cost of a software license and services to be paid by Merrill over the five (5) year period was $945,192.

10. In or around the fall of 2017, a dispute arose between the parties when aPriori failed to provide the products and services that were supposed to have been provided under the Ordering Document and Phase I SOW.

**The Settlement Agreement**

11. On July 19, 2018, the parties entered into a Settlement Agreement to resolve their dispute which included a Revised Ordering Document ("ROD"), attached as Exhibit A to the Settlement Agreement, and a Revised Statement of Work ("RSOW"), attached as Exhibit B to the Settlement Agreement. aPriori is in possession of the Settlement Agreement.

12. Under the ROD, the software license term was restarted to run from July 24, 2018, through July 23, 2023.

13. The ROD summarizes the services to be provided by aPriori to Merrill and the cost

of those services, including requiring that all services remaining from the original Phase I SOW were to be completed by aPriori by October 31, 2018.

14. The ROD identified the following Part Types that aPriori needed to calibrate: (a) tuned aluminum parts; (b) milled and tuned carbon steel parts; (c) milled and tuned stainless steel parts; (d) milled and tuned titanium parts; and (e) milled and tuned inconel parts (hereinafter collectively, the "Part Type" or "Part Types".

15. The Parties subsequently discovered that milled aluminum parts were not calibrated or tuned as originally promised. As part of calibrating each Part Type, the ROD requires that aPriori tune the Virtual Production Environment ("VPE") as to each Part Type and to validate the effectiveness of each.

16. The RSOW further defined the engagement scope, project deliverables, approach, and staffing required under the RSOW and repeated the requirement that aPriori was to calibrate each of the Part Types.

17. Under the RSOW, after calibration is completed, aPriori is to use the completed calibration to tune the VPE. Only after calibration and VPE are completed could Merrill test and validate whether the software performs as required.

18. Under the Settlement Agreement, aPriori was obligated to be available for quarterly meetings to ensure aPriori's progress, to review the status of the project metrics, and to discuss any challenges.

19. Under the Settlement Agreement, aPriori is to be available for weekly team meetings to ensure aPriori's timely delivery of deliverables and to review and update project plans and action items.

### Merrill Met Its Obligations under the Settlement Agreement

20. Merrill met its obligations under the RSOW and provided aPriori with all of the information required under RSOW to allow aPriori to complete the calibration of each of the Part Types.

21. Merrill provided all of the information at the time requested by aPriori to allow aPriori to calibrate each of the Part Types.

22. Merrill paid aPriori an additional $235,679.16 as required under Section 2(b) of the Settlement Agreement.

### aPriori Has Failed to Meet Its Obligations under the Settlement Agreement

23. In the two years since entering into the Settlement Agreement and getting a second chance to meet its contractual obligations aPriori has not calibrated and tuned any of the Part Types or milled aluminum.

24. aPriori's failure to calibrate and tune any of the Part Types or the milled aluminum is a breach of the Parties' Settlement Agreement.

25. Merrill has been unable to do any validation testing due to aPriori's failure to provide any calibration, tuning, or VPEs for any of the Part Types or the milled aluminum.

26. As a result of aPriori's breach, Merrill has been unable to use the aPriori software for estimating, costing, and quoting.

27. The software license has no use without the required calibration, tuning, and completed VPEs.

28. Merrill has been paying exorbitant licensing fees for several years without the ability to use the software.

29. Pursuant to the ROD, aPriori was to assign and provide an expert (hereinafter,

"Expert Consultant") to provide Expert Services to Merrill.

30. aPriori has failed to provide an Expert Consultant and Expert Services to Merrill as required under the Settlement Agreement.

31. aPriori breached the Parties' Settlement Agreement by failing to provide an Expert Consultant and Expert Services as required under the Settlement Agreement's ROD.

32. aPriori has not regularly been available for the required quarterly meetings and did not use the meetings to ensure aPriori's progress, to review the status of the project metrics, or to productively discuss any challenges as required under the Settlement Agreement.

33. aPriori has not consistently held weekly team meetings and did not use weekly team meetings in a productive manner to ensure aPriori's timely delivery of deliverables or to review and update project plans and action items as required under the Settlement Agreement.

34. When Merrill sought to enforce its contractual rights, aPriori failed to adequately respond to Merrill's communications and has not provided the required performance under the Settlement Agreement.

35. aPriori has breached the Settlement Agreement by failing to provide the agreed-on Part Type calibrations, tuning, or Part Type VPEs.

36. aPriori has further breached the Settlement Agreement by failing to provide Expert Services or weekly meetings as it is obligated to provide.

**Count I – Breach of Contract**

37. Merrill hereby incorporates all prior allegations of this Complaint as though fully set forth herein in their entirety.

38. The Parties' entered into the Settlement Agreement, pursuant to which aPriori agreed to provide Part Type calibrations, tuning, and Part Type VPEs.

39. The Parties' Settlement Agreement obligated aPriori to provide Expert Services, to conduct weekly meetings to ensure aPriori's timely delivery of deliverables, and to review and update project plans and action items.

40. aPriori breached the Settlement Agreement by failing to provide calibrations and tuning for each of the Part Type.

41. aPriori breached the Settlement Agreement by failing to provide VPEs for each Part Type.

42. aPriori breached the Settlement Agreement by failing to provide an Expert Consultant as required under the Settlement Agreement.

43. aPriori breached the Settlement Agreement by failing to conduct weekly meetings to ensure aPriori's timely delivery of deliverables and to meaningfully review project plans and action items.

44. Merrill has sustained damages as a direct result of aPriori's breach.

WHEREFORE, plaintiff Merrill Technologies Group respectfully requests that this Court enter judgment against aPriori Technologies, Inc., that the Court award damages to plaintiff Merrill Technologies Group in an amount in excess of $75,000, and that the Court award Merrill its attorneys' fees and costs, and grant such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

Respectfully submitted,

MERRILL TECHNOLOGIES
GROUP, INC.,

*/s/ Gregory N. Blase*
Gregory N. Blase (BBO #662751)
   gregory.blase@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel.: 617.261.3100
Fax: 617.261.3175

Cynthia J. Haffey (*pro hac vice to be filed*)
   haffey@butzel.com
BUTZEL LONG P.C.
150 West Jefferson Avenue
Suite 100
Detroit, MI 48226
Tel.: 313.225.7000
Fax: 313.225.7080

Dated: August 19, 2020